RUSH vs THOMPSON.

Opinion Delivered October 26, 1899.

*Cherokee Nation—Public Domain—Limitation of Action.*

Town lots in the Cherokee Nation are still a part of the public domain thereof, within the meaning of the statute of limitations of that nation, which prohibits judgment for the recovery of any improvements upon the public domain, unless suit is commenced within three years after the cause of action accrued.

Appeal from the United States Court for the Northern District.

JOHN R. THOMAS, Judge.

Action by Belle Rush and others against Johnson Thompson and others to recover possession of certain real estate. Judgment sustaining demurrer to the complaint. Plaintiffs appeal. Affirmed.

This case was brought to recover a town lot, and improvements thereon, in the town of Tahlequah, Cherokee Nation. The complaint was filed on the 29th of March, 1898, and contains the following allegation: "That thereafter Susan Hewitt and James Wilson transferred their interest in said property to Charles McClelland, who, plaintiffs are informed, about the year 1883 transferred said interest to defendants, who took possession of the same, and excluded plaintiffs from the possession of said lot, and from any participation in the possession thereof, and have hitherto held the exclusive and adverse possession of it." To this complaint the defendants filed a demurrer, setting up the Cherokee statute of limitations as a bar to plaintiffs' right to recover. The Cherokee statute of limitations is as follows: "Sec. 228. Judgment shall not be rendered for recovery of any improvement upon the public domain in any suit brought before the courts of this nation, unless such suit is instituted, as required by law, within three years next after the time at which the right of bringing the suit for the recovery thereof, or the cause of action shall have accrued to the person claiming the same, or to the person through whom he claims, saving to minors and persons non compos mentis the three years named above after the removal of their disabilities." The parties to this suit were citizens of the Cherokee Nation, but it was brought in the United States court after the jurisdiction in suits between citizens of the nation was conferred upon the United States court. The demurrer was sustained by the court, and, the plaintiffs declining to plead further, the case was, by the court, dismissed, and judgment rendered accordingly, and

the case is therefore brought to this court on appeal from the judgment of the court sustaining the demurrer.

*Marcum, Bailey & Owen* and *S. S. Fears*, for appellants.

*W. P. Thompson* and *W. W. Hastings*, for appellees.

SPRINGER, C. J. It is conceded by counsel on both sides that the only question for the determination of this court is the true meaning and proper construction of the words "public domain," as used in this statute of limitations. Counsel for appellants cite as a rule for construing Cherokee statutes section 339 of the Compiled Laws of the Cherokee Nation, which is as follows: "All words and phrases in the statutes of this nation shall be construed according to their common acceptation and meaning;" and contend that the ordinary meaning of the words "public domain" is the lands of the Cherokee Nation other than town lots and town sites which have been segregated from the public domain by law, and the right of occupancy sold to individual citizens of the nation. Counsel for appellants also cite the opinion of this court in the case of Kelly vs Johnson, 1 Ind. Ter. 184, in which case, in an action of forcible entry and detainer, it was held "that the contention that the lot was a part of the public domain of the Choctaw Nation was untenable. The lot had been segregated from the public domain, and was in the undisputed and rightful possession of the occupant." Counsel for appellants contend that this court has given a judicial construction of the term "public domain" as applied to the lands in the Indian nations. If the construction given in the case of Kelly vs Johnson is applicable to all of the Cherokee statutes, the contention of the appellants would be well taken. But we are to consider the meaning of the phrase "public domain" as used in the section under which the defense to this action

is set up. The language is that "judgment shall not be rendered for the recovery of any improvement upon the public domain in any suit before the courts of this nation." The words "improvement upon the public domain" indicate that this statute of limitation had reference to improvements upon the public domain, and could not refer to the lands of the nation upon which there had been no improvements made. If we construe the statute of limitations of the Cherokee Nation as having application only to that portion of the public domain not segregated by any one, then the statute is rendered nugatory and void, because there would be no limitation law on that subject. Hence we can only give effect to this statute by holding that the words "improvements upon the public domain," mentioned in the section referred to, mean improvements upon land that had been segregated and improvements placed thereon. To hold otherwise would be to decide that there is no statute of limitations on the subject of improvements upon the public domain, because they are all upon the public domain that has been segregated, and it is a well recognized rule of construction that, if the court can give effect to the statute, it should do so. There is no reason why this statute should not have effect, because it was intended to give to the occupants of such lands immunity from eviction after they had occupied the lands in undisputed possession for three years. There is no other statute in the Cherokee Nation upon the subject of limitations on such improvements, and therefore this court holds, as to this section of the statute, that the words "public domain" refer to the lands generally which belong to the Cherokee Nation.

The contention is, however, made that there is a distinction between the lands of the Cherokee Nation that are within the limits of the towns. These lands were segregated by the nation itself from what is generally spoken of as "public domain," and the right of occupancy was sold to

citizens of the nation to these lots. But it was expressly provided in that act that this right of occupancy which was sold to the citizen of the nation was to confer no greater or different title than that which was held by persons who occupied other portions of the public lands. It simply is a right of occupancy to the lots in these towns, and they are still a part of the public domain of the Cherokee Nation, within the meaning of this section, and the limitation must apply to these lands or lots in the town, or else there will be no statute of limitation as to them. This court is therefore of the opinion that the judgment of the court below sustaining the demurrer is correct, and it is therefore affirmed.

CLAYTON and TOWNSEND, JJ., concur.